DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:12-CV-1409-JCM-(PAL) |
| ) | |
| $196,000 IN UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO DARREN HALL, AND ORDER**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and DARREN HALL, and his counsel, James A. Oronoz, Chtd., stipulate as follows:

1. This case is a civil forfeiture action seeking to forfeit $196,000 in United States Currency under Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317(c)(2).

. . .

. . .

2. DARREN HALL knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture concerning the $196,000 in United States Currency.

3. DARREN HALL knowingly and voluntarily agrees to abandon or to forfeit the $196,000 in United States Currency to the United States.

4. DARREN HALL knowingly and voluntarily agrees to relinquish all right, title, and interest in the $196,000 in United States Currency.

5. DARREN HALL knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") concerning the $196,000 in United States Currency.

6. DARREN HALL knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $196,000 in United States Currency arising from the facts and circumstances of this case.

7. DARREN HALL knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the $196,000 in United States Currency.

8. DARREN HALL knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $196,000 in United States Currency.

9. DARREN HALL knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $196,000 in United States Currency.

10. DARREN HALL knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2(a) and 32.2(b)(3), Fed. R. Civ. P. Supp. Rule A, C, E, and G, and the constitutional due process requirements of any abandonment proceeding or forfeiture proceeding concerning the $196,000 in United States Currency.

11. DARREN HALL knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $196,000 in United States Currency.

12. DARREN HALL knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any of the proceedings concerning the $196,000 in United States Currency.

13. DARREN HALL knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $196,000 in United States Currency to the United States.

14. DARREN HALL understands that the forfeiture of the $196,000 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on DARREN HALL in addition to forfeiture.

15. DARREN HALL knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture, and Order ("Settlement Agreement").

16. DARREN HALL knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any claim made by DARREN HALL, or any third party arising out of the facts and circumstances of this case.

17. DARREN HALL knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that DARREN HALL now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the

. . .

property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18. DARREN HALL knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, he will receive a notification from the Department of the United States Treasury at the last address provided by him to the governmental agency or entity to whom the offset payment is made; (c) if he believes the payment may be subject to an offset, he may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations, fines, penalties, or any other monetary obligations he owes to the United States or an individual state; and (e) the exact sum delivered to James A. Oronoz, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

19. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to DARREN HALL one payment of Twenty Thousand Dollars ($20,000) in United States Currency, less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through James A. Oronoz. DARREN HALL knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. DARREN HALL knowingly and voluntarily agrees the Twenty Thousand Dollars ($20,000) in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

20. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

4

21. The Settlement Agreement contains the entire agreement between the parties.

22. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $196,000 in United States Currency.

DATED: 5/17/13

JAMES A. ORONOZ, CHTD.

_____
JAMES A. ORONOZ
Counsel for DARREN HALL

DATED: 4-29-13

_____
DARREN HALL

DATED: 5-21-13

DANIEL G. BOGDEN
United States Attorney

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: May 22, 2013

6