DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-CV-1409-JCM-(PAL) |
| $196,000.00 IN UNITED STATES CURRENCY, | ) |
| Defendant. | ) |

DEFAULT JUDGMENT OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem (ECF No. 1) on August 8, 2012. The Complaint (ECF No. 1) alleges the defendant property:

    a.    was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b.    is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

  c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

  d. is involved in violations of 31 U.S.C. §§ 5313 and 5324 or a conspiracy to commit such violations, and is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2).

  e. is property traceable to violations of 31 U.S.C. §§ 5313 and 5324 or conspiracy to commit such violations, and is subject to forfeiture to the United States pursuant to 31 U.S.C. § 5317(c)(2).

  f. constitutes or is derived from proceeds traceable to violations of 18 U.S.C. § 1344 or a conspiracy to commit such violations, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

  Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from August 22, 2012, through September 20, 2012. Notice of Filing Proof of Publication, ECF No. 6.

  Pursuant to the Order for Summons and Warrant of Arrest In Rem for the Property (ECF No. 4), the Complaint (ECF No. 1), the Order (ECF No. 4), the Summons and Warrant of Arrest In Rem for the Property (ECF No. 5), and the Notice of Complaint for Forfeiture (ECF No. 12, p. 3-4, 21-22, 38-39, 58-59, and 74-75), were served on the defendant property and all persons claiming an interest in the defendant property. Notice of Filing Service of Process, ECF No 12. All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. Notice of Filing Service of Process, ECF No.12.

. . .

. . .

On August 15, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 4) and issued the Summons and Warrant of Arrest in Rem (ECF No. 5).

On September 17, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 12, p. 2-17.

On October 10, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Darren Hall, by regular mail and certified mail. Notice of Filing Service of Process, ECF No. 12, p. 18-52.

On October 10, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Jerome Bradford, Attorney for Darren Hall, by by regular mail and certified mail. Notice of Filing Service of Process, ECF No. 12, p. 53-88.

On May 21, 2013, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Darren Hall, and Order (ECF No. 25) regarding the $196,000.00 in United States Currency.  Darren Hall waived, among other things, service of process. Settlement Agreement, ECF No. 25.

On May 22, 2013, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Darren Hall, and Order (ECF No. 26).

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Darren Hall is not in the military service within the purview of the Servicemembers Civil Relief Act.   Exhibit 1.

On June 13, 2013, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Request for Entry of Default, ECF No. 27.

On June 14, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Default, ECF No. 28.

The allegations of the Complaint are sustained by the evidence and should be adopted as findings of fact. The Court should conclude as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the $196,000.00 in United States Currency and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: June 18, 2013